**Ernest C. WYATT and Richard J. Cleveland, Jr., Defendants Below, Appellants,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Aug. 7, 1985.

Decided: Sept. 11, 1985.

Thomas F. Luce, Wilmington, for appellants.

Richard E. Fairbanks, Deputy Atty. Gen., Wilmington, for appellee.

Before McNEILLY, HORSEY, and CHRISTIE, JJ.

CHRISTIE, Justice.

In this criminal appeal, this Court is called upon to determine the scope of a sentencing judge's authority to impose conditions of probation.

Both appellants in this case were convicted in Superior Court of assault. The evidence indicated that in the course of the assaults, the victim was struck in the right eye and suffered a detached retina. At sentencing, defense counsel urged that the court order restitution so as to make "financial recompense for the injuries ... suffered," rather than imposing incarceration. The sentences imposed upon appellants included as a condition of probation that each appellant pay restitution based on the victim's medical expenses[1] and pay additional sums for the victim's "pain and suffering."[2] The written orders confirming the oral sentences imposed in open court redesignated the purpose of the additional payments as being for "inconvenience caused by serious injury."[3]

On appeal, appellants contend that the trial court had no authority to order payments for "pain and suffering" or for "inconvenience" arising from personal injuries. In their view, the only statutory authority to order restitution is found in 11 *Del.C.* § 4106(a)[4] (effective October 1, 1981) which deals with property damage. They argue that the trial court may order only such restitution as is specifically provided for in that limited, recent statute. The State, on the other hand, points out that under 11 *Del.C.* § 4204(c)(5)[5] the sentencing court has had and continues to have broad independent authority to place those being sentenced on probation.

█ The authority to impose probation carries with it the right to impose reasonable conditions of probation. 11 *Del.C.* § 4204. *See also Basile v. United States*, D.C.Ct. of App., 38 A.2d 620 (1944); *Coles v. State*, Md.Ct. of App., 290 Md. 296, 429 A.2d 1029 (1981); *Commonwealth v. Walton*, Pa.Supr., 483 Pa. 588, 397 A.2d 1179 (1979); *State v. Anonymous*, Conn.Super., 35 Conn.Sup. 675, 406 A.2d 869 (1979).

█ It is clear that the sentencing court had the authority to order restitution (and often did so) before 11 *Del.C.* § 4106 was enacted. It continues to have such authority. The purpose of 11 *Del.C.* § 4106 was to expand (and not to limit) the use of restitution in those cases where persons are convicted of "stealing, taking, receiving, converting, defacing, or destroying property." It requires that the court order convicted persons to make restitution in

---

1. Appellants seem to complain as to the assumptions or calculations the trial court made in regard to medical expenses, but no application was made to the trial court to be heard on that issue.

2. We do not here address the fact that the oral sentences specified the additional sum to be paid by one defendant to be $1,000 and the sum to be paid by the other defendant to be $1,300, whereas the written confirmatory orders required payments of $1,300 from each defendant. This issue should be taken up first with the sentencing judge.

3. The change in the wording of the sentences may have stemmed from the fact that 11 *Del.C.* § 4106(a) specifically provides that a convicted offender shall be liable for "inconveniences incurred by the victim" as a direct result of the crimes listed in that statute, but, as explained in this order, the order of restitution is proper under either wording.

4. 11 *Del.C.* § 4106(a) states:
 Any person convicted of stealing, taking, receiving, converting, defacing or destroying property, shall be liable to each victim of his offense

for the value of the property or property rights lost to the victim and for the value of any property which has diminished in worth as a result of the actions of such convicted offender and shall be ordered by the court to make restitution. If the court does not require that restitution be paid to a victim, the court shall state its reason on the record. The convicted offender shall also be liable for direct out-of-pocket losses, loss of earnings and other expenses and inconveniences incurred by victim as a direct result of the crime. For each criminal offense resulting in arrest in which property is alleged to have been unlawfully taken, damaged or otherwise diminished in value, a loss statement shall be prepared, by the police or by the victim when there is no police involvement, documenting for the court the value of the property lost or diminished as a direct result of the crime.

5. 11 *Del.C.* § 4204 states in pertinent part:
 (c) When a person is convicted of any offense other than a class A felony the court may take the following action:
 * * * * * *
 (5) Place the offender upon probation....

such cases unless the trial court gives an explanation for not so ordering. The statute has broad provisions which give the court wide discretion within its limited scope. This special statute does not constitute a comprehensive codification of the trial court's restitution authority.

██ In Delaware, the victim of a crime sometimes has a civil remedy against the perpetrator of the crime and the possibility of an award by the Victim's Compensation Board, under 11 *Del.C.* ch. 90. However, these potential remedies in no way limit the conditions of probation which the sentencing court may impose. This is true where the sentences are imposed under 11 *Del.C.* § 4106 and also in cases where 11 *Del.C.* § 4106 does not apply. *Compare State v. Fleming*, N.H.Supr., 125 N.H. 238, 480 A.2d 107, 109 (1984).

In construing § 4106, this Court stated in *Pratt v. State*, Del.Supr., 486 A.2d 1154 (1984) that the imposition of restitution "shall be governed by 11 *Del.C.* § 4106(a)." *Id.* at 1161. This means, of course, that the terms of restitution imposed under that statute must comply with that statute and the guidelines set down in that case. The decision in the *Pratt* case did not limit the trial court's authority to require restitution in cases not covered by the statute.

██ Under the circumstances, we find no merit to appellants' contentions. Section 4106 finds no direct application here. The court's sentences were fully authorized by the broad sentencing authority granted in 11 *Del.C.* § 4204.[6] There can be no doubt that "inconveniences" were caused by the serious eye injury resulting from the assaults.

It is true that restitution as a condition of probation has usually been ordered for the purpose of reimbursing the victims of crime for property damages or for out-of-

pocket expenses, including medical expenses. The difficulty in properly assessing "inconvenience" and "pain and suffering" in a criminal proceeding may have caused trial courts to conclude that compensation commissions or civil remedies are better forums for such claims. However, the trend in recent years has been to show more concern for the victims of crime and the sentencing court's authority to order restitution has never been, and is not now, limited to out-of-pocket losses or to the types of losses the court is required to address under the provisions of 11 *Del.C.* § 4106.

We find the trial court had authority to impose the sentences it imposed. We also find the trial court did not abuse its discretion in imposing the type of restitution it included here as a condition of probation.

The judgment of Superior Court is AFFIRMED.

---

**6.** This Court also notes that the payments required of appellants were important parts of sentences imposed for offenses (assault first degree—a class B felony and assault second degree—a class C felony) for which the court is authorized to impose jail sentences of up to 30 years and 20 years respectively and as to which

there is no statutory limit on the fine which may be imposed. 11 *Del.C.* § 4205(b). In this case, Wyatt's six-year jail sentence was suspended after one year, and Cleveland's entire three-year jail sentence was suspended. No fines were imposed.