IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, Victims' Compensation Assistance Program, | § § § § | No. 684, 2014 |
| Plaintiff Below, Appellant, | § § § | Court Below: Superior Court of the State of Delaware, in and for New Castle County |
| v. | § § | Cr. ID. No. 0811016584 |
| DAVID CHIANESE, | § § | |
| Defendant Below, Appellee. | § § § | |

Submitted: October 19, 2015
Decided: November 2, 2015

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Ralph K. Durstein III, Esquire, Department of Justice, Wilmington, Delaware, for Appellant.

Alfred J. Lindh, Esquire, Wilmington, Delaware, for Appellee.

**SEITZ**, Justice:

In this appeal, we must determine whether the Court of Common Pleas had the authority as part of a sentencing proceeding to require the criminal defendant to reimburse the Victims' Compensation Assistance Program ("VCAP") for payments VCAP made to the victim of the crime. The Court of Common Pleas denied restitution because it ruled that it could only award restitution to the victims of crimes, not third parties, and because it did not have custody or control over the defendant's funds. The Superior Court affirmed. We agree, and affirm.

## I. Background Facts and Procedural History

This appeal arises out of an incident that took place on November 23, 2008 between the defendant, David Chianese, and his then-girlfriend, Heather Barron. Chianese and Barron offered different accounts of what took place that day after they had an argument. Barron alleged that Chianese dragged her out of his house, causing her to sustain injuries that required medical treatment and caused her to miss work. Chianese insisted that he never touched Barron and alleged that he asked her to leave his house, helped her carry her things to his truck, and drove her home. As a result of the incident, on September 10, 2009, Chianese agreed to a probation before judgment guilty plea to offensive touching—an offense that did not have as an element that Chianese caused Barron any injury.[1] The court

---

[1] "A person is guilty of offensive touching when the person: (1) Intentionally touches another person either with a member of his or her body or with any instrument, knowing that the person is thereby likely to cause offense or alarm to such other person . . . ." 11 *Del. C.* § 601(a).

sentenced Chianese on that day to one year of Level 2 probation before judgment and other conditions. The sentencing order left blank the space reserved for a restitution payment,[2] but in the hearing transcript the trial judge ordered a presentence investigation to determine the restitution to be imposed.[3]

On October 19, 2009, Barron submitted a Victim's Loss Statement to the Court of Common Pleas Investigative Services Office ("ISO") requesting $550,000 in restitution. ISO referred Barron to VCAP, and then ISO received a revised restitution request of $79,984.07. ISO learned that Barron had also submitted a claim to VCAP, and deferred action on the revised ISO request until VCAP addressed Barron's claim.[4]

While VCAP was addressing Barron's claim, Chianese appeared before the court again on August 27, 2010 for a violation of probation. The Court of Common Pleas found that Chianese violated the terms of his probation by testing positive on multiple occasions for illegal substances. Although the State had sought restitution as part of the original plea order, and the court staff was actively investigating restitution at the time of the violation of parole hearing, the State did

---

[2] *State v. Chianese*, No. 0811016584 (Del. Com. Pl. Sept. 10, 2009). A court may order probation before judgment for criminal defendants who plead guilty to certain misdemeanors, provided the defendants are first-time offenders and they and the State agree. 11 *Del. C.* § 4218. The court then stays the entry of judgment, may impose conditions, such as fines, restitution, or no-contact orders, and if the defendant complies with all of the conditions, at the end of the term of probation he is discharged without a judgment of conviction. *Id.*

[3] Sent. Tr. 20, Sept. 10, 2009.

[4] Mem. from Debbie Jester to Chief Judge, Oct. 14, 2011.

not raise the issue of restitution, and the court discharged Chianese from probation as "unimproved" without addressing restitution.[5]

VCAP awarded Barron $12,107.35 on September 29, 2010, covering her out-of-pocket medical expenses and lost wages. Barron contested the amount, but eventually informed VCAP sometime in July or August, 2011, that she would accept the amount and cashed the VCAP check. The Court of Common Pleas investigator then sent Chianese a letter recommending that Chianese pay restitution to VCAP, but none to Barron:

> Upon completion of our investigation, restitution has been recommended in the amount of <u>$12,107.35</u>. This <u>reimburses VCAP</u> the amount paid to the victim for the claim which stems from the Instant Offense. . . . No restitution is recommended to the victim as her request for restitution would be best pursued through civil litigation.[6]

Barron received a similar letter, explaining the restitution award to reimburse VCAP, but denying Barron's request for restitution: "Your request for $79,984.07 is not recommended as this request would be best pursued through civil litigation."[7]

---

[5] *See* DELAWARE SENTENCING ACCOUNTABILITY COMMISSION BENCHBOOK 141 (2014) ("Discharge as Unimproved: An order may be entered discharging a probationer as unimproved upon recommendation of the probation officer or at the discretion of the Court, when the Court determines that continued supervision of the probationer is unlikely to have a beneficial effect, even though one or more terms of the probation order have not been fulfilled.").

[6] Letter from Debbie Jester to David Chianese, Aug. 31, 2011.

[7] Letter from Debbie Jester to Heather Barron and Lisa Ogden, Aug. 31, 2011.

Chianese refused to reimburse VCAP and demanded a hearing. The Court of Common Pleas held a hearing on December 20, 2013, where VCAP presented the documentation it relied upon to determine Barron's entitlement to compensation. Chianese testified as to his version of the events of the November 23, 2008 incident, and denied causing injury to Barron.[8]

After the hearing and briefing, the Court of Common Pleas denied the State's application for restitution from Chianese to VCAP.[9] The court determined that it could only order restitution payments under 11 *Del. C.* § 4101 to the victim of a crime and not a third party seeking reimbursement. The court also determined that it could not award restitution under 11 *Del. C.* § 9014 as it existed at that time because it did not have custody or control over Chianese's funds. The Superior Court on appeal summarily affirmed the decision of the Court of Common Pleas.[10]

## II.    Analysis

The State argues that at the time of the restitution hearing in December, 2013, the Court of Common Pleas had the authority to order that restitution be paid to VCAP under Court of Common Pleas Criminal Rule 32 and 11 *Del. C.* § 4101. As an alternative to restitution, the State claims that the court could have imposed a

---

[8] Opening Br. at 7; Answering Br. at 7-8; App. to Opening Br. at 84-87 (Restitution Hr'g Tr., Dec. 13, 2013).
[9] *State v. Chianese*, No. 0811016584 (Del. Com. Pl. Apr. 10, 2014).
[10] *State v. Chianese*, No. 0811016584 (Del. Super. Dec. 4, 2014).

compensating fine under 11 *Del. C.* § 9018 reflecting the alleged "malice shown and injury done" to the victim.

When the Superior Court sits as an intermediate appellate court, it hears appeals from the Court of Common Pleas in the same manner as this Court does.[11] Where the issue on appeal raises a question of law, this Court, like the Superior Court, reviews the determinations of the Court of Common Pleas for legal error.[12]

### A. Restitution Under the Delaware Criminal Code

There are two paths to recover from an offender under Title 11 relevant to this case – Chapter 41 and Chapter 90. In Chapter 41, entitled "Fines, Costs, Penalties and Forfeitures," § 4101 acknowledges generally the court's ability to impose fines, costs, and restitution as part of a sentencing order, and states that any amount awarded "shall be a judgment against the convicted person for the full amount of the fine, costs, restitution or all 3, assessed by the sentence."[13] Under § 4104(d), "the court shall retain jurisdiction over the convicted person until any fine or restitution imposed shall have been paid in full."[14] Finally, § 4106, entitled "Restitution for property damage or loss," addresses crimes where property has been damaged or lost and provides that restitution can be awarded to each "victim of the offense":

---

[11] *Onkeo v. State*, 957 A.2d 2 (Del. 2008) (Table); *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985); *State v. Cagle*, 332 A.2d 140, 142 (Del. 1974).

[12] *Onkeo*, 957 A.2d at 2; *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).

[13] 11 *Del. C.* § 4101.

[14] *Id.* § 4104(d).

[a]ny person convicted of stealing, taking, receiving, converting, defacing or destroying property, shall be liable to each victim of the offense for the value of the property or property rights lost to the victim and for the value of any property that has been diminished in worth as a result of the actions of such convicted offender and shall be ordered by the court to make restitution.[15]

Chapter 90, as it existed at the time of Chianese's restitution hearing,[16] set forth three means to recover money from offenders.  First, § 9016(a) provided that every convicted offender pay:

[i]n addition to, and at the same time as, any fine is assessed . . . an additional penalty of 18% of every fine, penalty and forfeiture imposed and collected by the courts for crimes or offenses as defined in § 233 of this title, or $10 per offense of conviction, whichever is greater.

Under § 9016(b), amounts collected as a result of these assessments are deposited in VCAP's Victims' Compensation Fund.

Second, § 9018 provided that the court, upon conviction and in its discretion, may order the offender "to pay a compensating fine, in lieu of, but greater than, the penalty set forth in § 9016 of this title."  If ordered by the court, the amount of the

---

[15] *Id.* § 4106.

[16] On August 12, 2014, the General Assembly enacted House Bill 408, which amended Chapter 90 to "clarif[y] the authority of the Victim Compensation Assistance Program ("VCAP") to recover from the offender and collateral sources the full amount of compensation paid to the victim(s) of crimes committed by the offender. . . .  This amendment is consistent with the longstanding practice of the criminal courts in ordering restitution payable to the VCF [Victims Compensation Fund]."  Del. H.B. 408 syn., 147th Gen. Assem. (2014).  Under new subpart (c) of § 9014, VCAP is specifically authorized to assert a claim for reimbursement for the fund.  Del. H.B. 408, 147th Gen. Assem., 79 Del. Laws ch. 404 (2014).  The Bill also clarified that the court can levy a compensating fine in addition to any reimbursement to VCAP.  *Id.*

fine is to be "commensurate with the malice shown and the injury done to the victim" and is to be deposited into the Victims' Compensation Fund.

And third, § 9014 authorized VCAP to institute, at any time and irrespective of whether the court has reserved jurisdiction over a future claim of compensation to VCAP, a civil action against an offender to recover "the whole or any specified part of the compensation" provided by VCAP to the victim "for a personal injury or death resulting from the act constituting [the offender's] offense."[17] The State may bring this action "in any Superior Court within the State, or in any other court, either state or federal, if such court has custody or control of funds of the [offender] or which may be awarded to the [offender]"[18]

### B. The Court of Common Pleas Had No Authority to Award VCAP Restitution

None of foregoing statutes permitted the Court of Common Pleas to award restitution to VCAP. First, Chapter 41 presupposes a sentencing order that expressly requires the payment of restitution.[19] Here, the sentencing order left restitution blank. Although there was a request at oral argument for a presentence investigation to determine restitution, absent any express reservation of jurisdiction in the sentencing order to determine restitution, the court lacked the authority to

---

[17] 11 *Del. C.* § 9014(a).

[18] *Id.*

[19] *See* 11 *Del. C.* § 4101 ("Immediately upon imposition by a court . . . of any *sentence* to pay a fine, costs, restitution or all 3, the same shall be a judgment against the convicted person for the full amount of the fine, costs, restitution or all 3, assessed *by the sentence*.") (emphasis added).

impose restitution almost four years after sentencing.[20] Defendants are entitled to rely on the express terms of the sentencing order, which includes a restitution amount, or the express reservation of jurisdiction to determine restitution in the future. After Chianese was discharged from probation as unimproved, there was again no restitution order or reservation of jurisdiction to impose restitution at a later date.

Even if restitution had been properly reserved in the sentencing order, restitution to VCAP would still be improper under Chapter 41. Section 4101 contemplates that the restitution award be ordered against "the convicted person," not a third party. Section § 4106 only applies to property damage, and specifically limits restitution to "victims." Here, Barron seeks compensation for personal injuries, not property damage, and VCAP was not a "victim."[21]

Restitution is also not available to VCAP under Chapter 90. Before the recent amendments to Chapter 90, it had been the rule that restitution could only be awarded to victims of crimes, not third parties.[22] Of the avenues available to the

---

[20] *See id.* (permitting restitution only when explicitly part of the sentence); 11 *Del. C.* § 4104(d) ("For purposes of ensuring the payment . . . restitution and the enforcement of any orders imposed under this section, *the court shall retain jurisdiction* over the convicted person until any fine or restitution imposed shall have been paid in full.") (emphasis added).

[21] *See Wyatt v. State*, 498 A.2d 1088, 1089 (Del. 1985) ("The purpose of 11 *Del.C.* § 4106 was to expand (and not to limit) the use of restitution in those cases where persons are convicted of 'stealing, taking, receiving, converting, defacing, or destroying property.'").

[22] *Brock v. State*, 61 A.3d 617 (Del. 2013) (Table) ("Because no 'victim' existed in this [case], the trial court abused its discretion by ordering Brock to pay restitution to the VCCB."); *Redick v. State*, 858 A.2d 947, 953 (Del. 2004) ("A victim is one who suffers loss or injury as the result

State before the 2014 statutory amendment granting VCAP the power to seek reimbursement from the defendant, the State could only pursue a compensating fine under § 9018. But the State never requested, and the Court of Common Pleas never ordered, Chianese to pay a compensating fine. The State therefore abandoned this avenue of relief.

Nor does the State's argument that Common Pleas Rule 32 empowers the court to award VCAP restitution change our result. Even if the court had a rule granting itself authority to award restitution to third parties, in the absence of statutory or other authority for this power, such a rule would be invalid.[23] Further, Rule 32 as it existed in 2013 provided no means for VCAP to recover from Chianese. The closest the rule comes to VCAP's desired reading is to empower the court to review victim impact statements[24] and presentence investigation reports containing "[i]nformation as to restitution in accordance with 11 *Del. C.* § 4106(a)."[25] As explained previously, § 4106 is limited to property damage,

---

of another's acts. The [trial court] has no statutory authority to order restitution to anyone other than a victim."); *State v. Schafferman*, 2013 WL 4716350 (Del. Super. Aug. 30, 2013) (finding that there exists no statutory authority for VCAP to seek restitution from the perpetrator of crimes whose victims it has paid out of the Victims' Compensation Fund because it is not a "victim").

[23] *See Williams v. Singleton*, 160 A.2d 376, 378 (Del. 1960) ("[T]he Court cannot change the statute. . . . Appellant would have us amend a jurisdictional statute by applying [a] rule."); *Nelson v. Frank E. Best Inc.*, 768 A.2d 473, 488 (Del. Ch. 2000).

[24] Ct. Com. Pl. Crim. R. 32(a)(1)(D).

[25] Ct. Com. Pl. Crim. R. 32(c)(1)(E).

10

which is not the case here.  It also defies logic that VCAP could use the Rule to recover reimbursement almost four years after the imposition of sentence.[26]

### III.    Conclusion

Because none of Chapter 41, Chapter 90, and Rule 32 gave the Court of Common Pleas the authority to award VCAP restitution for Barron's injuries almost four years after sentencing, the Superior Court did not err when it affirmed the judgment of the Court of Common Pleas.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

---

[26] A 2015 amendment to Rule 32 provides that the Court of Common Pleas can consider VCAP reimbursement claims when submitted by affidavit, and provides the defendant with the right to demand a hearing.  Ct. Com. Pl. Crim. R. 32(f).

11