# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,              )
                               )
    Plaintiff,              )
                               )
                               )
v.                             )   Cr. ID. No.  1510013557
                               )
                               )
                               )
TYLER A. RODRIGUEZ,            )
                               )
    Defendant.              )

Submitted: March 10, 2017
Decided: March 29, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION TO DETERMINE ADDITIONAL RESTITUTION

Steven R. Welch, Esquire, Deputy Attorney General, Delaware Department of Justice, 102 West Water Street, Dover, DE, 19904.  Attorney for the State.

Thomas A. Foley, Esquire, 1905 Delaware Ave., Wilmington, DE 19801. Attorney for Defendant.

**MANNING**, Commissioner:

This 29th day of March, 2017, following a hearing before all parties to determine the appropriate amount of restitution in the above captioned matter, I find and recommend the following:

## Facts and Procedural History

Defendants Tyler A. Rodriguez, Stephanie N. Lienig and another unidentified male, conspired to steal a 2006 BMW that was offered for sale on Craigslist by Joseph Pecoraio and Matthew Lum Young (hereinafter "Victims"). Victims were neighbors who had recently started selling used BMWs as a side business. In response to the ad on Craigslist, Lienig contacted Lum Young and asked to test drive the car. On October 21, 2015, they arranged to meet at a local WaWa. Lienig drove the car for a short distance and then abruptly stopped and exited the car, leaving the driver's door ajar. Lum Young, who was in the front passenger seat, testified that a black male, who was approximately 5'10" and wearing a gorilla mask, hopped into the back seat and began striking him with a closed fist in the face. Lum Young was then ordered into the back seat. Lum Young testified that Rodriguez, who was personally known to him from previous dealings, got into the driver's seat and started to drive away. Lum Young testified that prior to being pushed from the moving car the unknown black male placed a shirt over Lum Young's head, removed $2,500[1] cash from his pockets and stole his

---

[1] Lum Young testified that $500 of the cash was his, and $2,000 belonged to Pecoraio.

1

watch worth $199. Additionally, Lum Young testified that as a result of being pushed from the car his jeans were ripped, valued at $65 and his shoes, valued at $90, were scratched.

Finally, and to further compound matters, Lum Young testified that he had been in possession of a storage folder that contained the original title, registration documents and keys to two different 2003 BMWs, also owned by the victims. Lum Young testified that when he arrived to meet Lienig the storage folder was with him in the 2006 BMW before it was stolen. Ultimately, the 2006 BMW was recovered in New York and returned to the Victims, however, the folder and enclosed documents and keys were never recovered.

The crux of the issue in this dispute is that the lost documents and keys corresponded to two different 2003 BMWs, both recently purchased by the victims that they intended to offer for sale in the near future. Lum Young testified that he was able to obtain a replacement title and keys to one of the BMWs. However, the Victims were unable to obtain a replacement title or other documents for the second 2003 BMW that they had purchased just days prior. Lum Young testified that he had not yet transferred the title and registration from the previous owner. At that time, the second 2003 BMW was parked on the street in front of Percoraio's residence. Lum Young testified that the 2003 BMW had been purchased for $2,300, all in cash, from an individual who they were subsequently

unable to locate or contact. Making matter worse, because the car was parked on a city street and was not legally tagged, it was subsequently towed and impounded by the City of Middletown. Victims testified that without the title, registration or a statement from the prior owner indicating that the vehicle had been sold, DMV was unable to re-title or register it in their name. Without keys or any proof of ownership, the 2003 BMW was never recovered from impound and its value to the Victims was lost.

Rodriguez and Lienig were subsequently arrested and indicted on one count of Carjacking Second Degree. Rodriguez pleaded guilty on April 21, 2016, to the amended charge of Theft of a Motor Vehicle. In a hand written note added to the plea agreement, Rodriguez reserved the right to challenge the amount of restitution and request a restitution hearing. Both parties subsequently filed memoranda regarding the amount of restitution that should be awarded. On May 24, 2016, in a letter to counsel, the Court indicated that it would award $5,300 in restitution to Mr. Pecoraio for the 2006 BMW, but declined to award $2,700 for the 2003 BMW without further explanation as to why the DMV would not re-title the car in Percoraio's name.[2] Additionally, the Court awarded Lum Young $450 in restitution, but declined to order any restitution for the $500 that was stolen, or the $199 for the watch. The Court noted that, at the time, there was "nothing [in the

_____

[2] Docket Item #14.

3

record] that would appear to support those amounts."[3] In August, both parties filed letters with the Court regarding the issue of restitution. The Court subsequently referred the matter to the undersigned Commissioner to resolve the outstanding restitution issue.

## Legal Standard

The award of restitution in a criminal case is controlled by statute. 11 *Del. C.* § 4106 provides as follows:

> (a) Any person convicted of stealing, taking, receiving, converting, defacing or destroying property, shall be liable to each victim of the offense for the value of the property or property rights lost to the victim and for the value of any property which has diminished in worth as a result of the actions of such convicted offender and shall be ordered by the court to make restitution. If the court does not require that restitution be paid to a victim, the court shall state its reason on the record. The convicted offender shall also be liable for direct out-of-pocket losses, loss of earnings and other expenses and inconveniences incurred by victim as a direct result of the crime. For each criminal offense resulting in arrest in which property is alleged to have been unlawfully taken, damaged or otherwise diminished in value, a loss statement shall be prepared, by the police or by the victim when there is no police involvement, documenting for the court the value of the property lost or diminished as a direct result of the crime.

> (b) In accordance with the evidence presented to the court, the court shall determine the nature and amount of restitution, if any, to be made to each victim of the crime of each convicted offender. The offender shall be ordered

---

[3] *Id.*

to pay a fixed sum of restitution or shall be ordered to work a fixed number of hours under the work referral program administered by the Department of Correction, or both.

"From its expansive terms, it appears that Section 4106 was intended by the General Assembly to be a broad grant of authority to establish comprehensive awards of restitution. In addition, Delaware courts have held that a sentencing court exercises considerable authority, including ample discretion to determine and order restitution. Indeed, the Supreme Court held in *Wyatt v. State,* 498 A.2d 1088 (Del. 1985), that the sentencing court's discretion is not limited by Section 4106." *State v. Wilson,* 1997 WL 364027, *2 (Del. Super. June 17, 1997). Finally, the amount of "restitution may be based on those factors which are established by a preponderance of the evidence." *Benton v. State,* 711 A.2d 792, 797 (Del. 1998).

## Analysis

Rodriguez argues that he should not be responsible for restitution as to the $2,500 in cash that was stolen from Lum Young, nor the $2,300 that the Victims had paid for the 2003 BMW. Rodriguez argues that *he* was never charged with stealing the money and that the theft, if believed, was committed by the unindicted and unidentified, 3rd co-defendant. Rodriguez argues that this act constituted a separate crime for which he was not charged or convicted. Rodriguez also disputes the claimed loss of $199 for Lum Young's watch. Finally, in the most contentious and unusual aspect of the case, Rodriguez disputes that he should be responsible

5

for the lost value of the 2003 BMW. Rodriguez's argument, in essence, is based on a theory of inherent fairness and what I would characterize as compartmentalized liability. Notably, however, Rodriguez has never presented to the Court any statutory or decisional-law that supports his argument.

Following their testimony at the hearing, I find the un-rebutted testimony of both Victims to be credible. I find that their testimony established the claimed amounts by a preponderance of the evidence. That is not to say, however, that some of their actions did not indirectly contribute to their own losses. As pointed out by Rodriguez during the hearing, the Victims would have been much better off storing the keys and documents to the 2003 BMWs in a more secure location. However, it is also clear that Lum Young certainly did not expect to be the victim of a violent attack at the time Lienig called him to arrange a test-drive.

It is well settled under "Delaware law, [that] a conspirator is jointly and severally liable for the acts of co-conspirators committed in furtherance of the conspiracy." *Nicolet v. Nutt*, 525 A.2d 146, 150 (Del. 1987).[4] In a somewhat similar case to this one, the Delaware Supreme Court held that a "defendant may be ordered to make restitution on the basis of acts of a co-conspirator, just as a defendant may be given any other appropriate punishment based on the acts of a co-conspirator." *Moore v. State*, 673 A.2d 171, 172 (Del. 1996).

---

[4] Although the holding in *Nicolet* is in the context of a civil case, I believe its rationale is nonetheless applicable here.

I recognize that the loss of the 2003 BMW was not reasonably foreseeable by the co-defendants, but the simple fact is that *but for* the actions of Rodriguez and his co-defendants, none of this would have happened in the first place. Rodriguez argues that he should not be held liable for what he considers to be the independent criminal acts of a co-conspirator. However, the fact that more money or items were stolen during the commission of the crime than Rodriguez *may* have anticipated is no defense. Returning again to the logic that *but for* Rodriguez's actions and participation in the conspiracy from its inception, none of the losses would have occurred in the first instance. In accordance with the rational in *Moore*, the Victims' losses in this case can be fairly characterized "as a direct result of the crime" under 11 *Del. C.* § 4106(a). Which co-defendant committed which specific act is therefore irrelevant as to the question of restitution.

## Conclusion

Accordingly, I recommend restitution in the full amount sought, with two minor exceptions.[5] In addition to what the Court has previously ordered, Pecoraio should be awarded the lost value of the 2003 BMW. Any future profit he might have garnered from its sale is too speculative. Thus, restitution is best determined by the amount actually paid for the car, namely $2,300. Additionally, Pecoraio

---

[5] The Court previously awarded $5,300 for the value of the 2006 BMW. However, since that vehicle was subsequently recovered, a set-off for its value may be necessary. The parties will need to discuss this issue and inform the Court accordingly.

should be awarded restitution for the $2,000 stolen from Lum Young's person. Likewise, Lum Young should be awarded restitution for the $500 stolen from him and $199 for the watch. However, determining an amount as to the damaged shoes and jean is more difficult. I am unclear from Lum Young's testimony if the jeans are now un-wearable, or just slightly torn. Additionally, the damage to the shoes, described as a "scratch," seems *de minimis*, at best. Therefore, I recommend restitution in the amount of $30 for the diminished value of these items.

**IT IS SO RECOMMENDED.**

Bradley V. Manning,
Commissioner

oc:   Prothonotary
cc:   Counsel via e-mail

8