*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals

No. 19-BG-277
IN RE MELINDA MALDONADO

**2019 DDN 63**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 483919**

BEFORE: Fisher, Thompson, and Easterly, Associate Judges.

**O R D E R**
(FILED- June 6, 2019)

On consideration of the opinion and certified order of the state of Maryland wherein the Court of Appeals of Maryland held that respondent should be disbarred, in part, for her extended unauthorized practice of law, resulting in respondent, as a non-admitted attorney in Maryland, being "excluded from exercising the privilege of practicing law" in that state, *see Attorney Grievance Commission of Maryland v. Maldonado*, 203 A.3d 841 (Md. 2019); this court's April 9, 2019, order suspending respondent pending resolution of this matter and directing her to show cause why she should not be disbarred in this jurisdiction as reciprocal discipline; respondent's response and two additional lodged responses and exhibits; the statement of Disciplinary Counsel regarding reciprocal discipline, and the reply thereto; respondent's motions to supplement the record with her previously filed additional documents and for oral argument and the opposition thereto, and it appearing that respondent filed the required D.C. Bar R. XI, §14(g) affidavit on May 14, 2019, it is

ORDERED *sua sponte* that respondent's lodged supplemental responses to the court's order are filed. It is

FURTHER ORDERED that respondent's motions to supplement the record and for oral argument are denied and all documents that are not part of the record on appeal, including Exhibit I (Part I and II), are hereby struck. It is

FURTHER ORDERED that Melinda Maldonado is hereby disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to May 14, 2019. *See, e.g., In re Shephard*, 128 A.3d 633 (D.C. 2015); *In re Barneys*, 861 A.2d 1270, 1273 (D.C. 2004) (supporting the imposition of disbarment as reciprocal discipline where the state of Maryland found that the actions of a non-barred attorney in that state justified disbarment and excluded the attorney from exercising the privilege of practicing law in that state). To the extent respondent attempts to challenge the imposition of reciprocal discipline by requesting *de novo* review by this court of the underlying factual findings and discipline imposed by the State of Maryland, such a challenge is improper in reciprocal disciplinary proceedings. Further, as we do not review the evidence de novo or accept additional information in reciprocal disciplinary cases, we decline to review evidence or exhibits that respondent has annotated and submitted. *See In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline."). Therefore, because respondent failed to rebut the presumption that reciprocal discipline should be imposed, we impose reciprocal discipline. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies unless one of the exceptions is established).

**PER CURIAM**